**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) CHARLOTTE WAGNER, individually** | ) | |
| **and as next friend for M.H.,** | ) | |
| **(2) JORDAN WAGNER, an individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 13-CV-203-TCK-PJC** |
| | ) | |
| **(1) LORI GUEVARA, an individual,** | ) | |
| **(2) WAL-MART STORES, INC., a foreign** | ) | |
| **for profit business corporation,** | ) | |
| **(3) WAL-MART STORES EAST, INC.,** | ) | |
| **a foreign for profit business corporation,** | ) | |
| **(4) WAL-MART STORES EAST, L.P.,** | ) | |
| **a foreign limited partnership,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is Defendant Lori Guevara's Motion for Remand Order Granting Notice

of Transfer ("Motion for Remand") (Doc. 16).

**I.      Factual Background**

Plaintiffs Charlotte Wagner and Jordan Wagner ("Plaintiffs") initially filed this action in the

District Court for Tulsa County, Oklahoma on March 4, 2013.  In their Petition, Plaintiffs brought

a claim of negligence against Defendant Lori Guevara and claims of negligence and premises

liability against Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores

East, L.P. (collectively, "the Wal-Mart Defendants") (Doc. 2-2).[1]  Plaintiffs' claims arose out of an

automobile accident that occurred in a Wal-Mart parking lot in Tulsa, Oklahoma on March 8, 2012.

---

[1]      Plaintiffs filed an Amended Petition on March 7, 2013, presumably to correct a
typographical error, but did not name any additional parties or allege any additional claims (Doc.
2-3).

On April 8, 2013, the Wal-Mart Defendants filed their Notice of Removal, asserting diversity jurisdiction and alleging that Defendant Guevara was a resident of Washington, D.C. (Doc. 2, at 2 ("Upon knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the Co-Defendant, Lori Guevara, is a resident of Washington, D.C.").)[2] On June 24, 2013, Defendant Guevara filed her Motion to Remand, asserting that she was a resident of Oklahoma  when the accident occurred, had remained an Oklahoma resident at all relevant times, and that removal was therefore inappropriate. (*See* Doc. 16, at 2.)  In their Response to the Motion for Remand, the Wal-Mart Defendants failed to explain the allegations in their Notice of Removal and consented to remand of the action to the District Court for Tulsa County, Oklahoma. (*See* Doc. 17.)[3]

## II.    Attorney's Fees

In the Motion to Remand, Defendant Guevara requested the Court award her costs, fees, and any other relief the Court deems just and appropriate related to the Wal-Mart Defendants' removal of the action.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The standard for awarding fees turns on the reasonableness of removal.  *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

---

[2]  Defendant Guevara was not served until April 2, 2013, and had yet to answer or otherwise appear at the time the Notice of Removal was filed.

[3]  Because the Wal-Mart Defendants concede that remand is appropriate, it is not necessary for the Court to analyze the existence of diversity jurisdiction in this case.

lacked an objectively unreasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (internal quotation marks omitted).

The Court finds that the Wal-Mart Defendants' removal was objectively unreasonable based on the circumstances and information presented.  The underlying facts – namely, an automobile accident that occurred in the parking lot of a Wal-Mart in Tulsa, Oklahoma – suggest that Defendant Guevara is likely an Oklahoma resident rather than a Washington, D.C. resident.  Nonetheless, the Wal-Mart Defendants' Notice of Removal asserted, without any further explanation or supporting evidence, that "[u]pon knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the Co-Defendant, Lori Guevara, is a resident of Washington, D.C." (Doc. 2, at 2.)  After Defendant Guevara declared that she was an Oklahoma resident and had been at all relevant times, the Wal-Mart Defendants simply conceded the Motion to Remand and offered no explanation or further support for the original allegation in their Notice of Removal.  (Doc. 17, at 1 ("Upon information and belief, it appeared Co-Defendant, Guevara, was residing in Washington, D.C.").)  Thus, the Wal-Mart Defendants failed to provide the Court with *any* information regarding what led them to believe that Defendant Guevara was a resident of Washington, D.C. or what "inquiry reasonable under the circumstances" was conducted prior to removal.  Based on the limited information provided and the underlying facts of the case, the Court finds that the Wal-Mart Defendants have not shown an objectively reasonable basis for removal and that an award of fees is proper pursuant to 28 U.S.C. § 1447(c).

## III.    Conclusion

Defendant Lori Guevara's Motion to Remand (Doc. 16) is GRANTED, and this action is REMANDED to the District Court for Tulsa County, Oklahoma.  Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East, L.P. are ordered to pay just costs and any

actual expenses, including attorney's fees, incurred as a result of the removal.  If the parties cannot

agree on the amount of costs and fees, Defendant Guevara shall file a motion for costs and fees no

later than September 3, 2013, and such motion shall be referred to Magistrate Judge Paul Cleary.

**DATED this 19th day of August, 2013.**

**TERENCE KERN**
**United States District Judge**